IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CV-148-FL

| | | |
|---|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| TOPSAIL SPORTSWEAR, INC.; and PALDO SIGN AND DISPLAY COMPANY, | ) ) ) ) ) | |
| Defendant. | | |

This case now comes before the court for resolution of scheduling and other matters bearing on the progress of the case, and also on plaintiff's filing denominated "Amended Motion To Strike Paldo Sign's Proposed Case Management Plan And For Entry Of Plaintiff's Plan" (DE #49).

I. STATEMENT OF THE CASE

This lawsuit originated in the Northern District of Illinois, where on March 5, 2010, plaintiff filed complaint against defendants Topsail Sportswear, Inc. ("Topsail") and Paldo Sign and Display Company ("Paldo"). The case, arising out of a class action lawsuit pending in the Northern District of Illinois ("underlying lawsuit"), was transferred to this district on July 29, 2010. In the underlying lawsuit, Paldo alleges that Topsail sent unsolicited facsimile advertisements in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

In the case now before the court, brought against the parties in the underlying action, plaintiff seeks a declaratory judgment that it has no duty to provide a defense to Topsail. The record reflects

that Topsail and Paldo were served on March 15, 2010, and March 18, 2010, respectively. Paldo thereafter timely filed an answer, whereas Topsail has not made any appearance to date.

On July 29, 2010, this case was transferred to the Eastern District of North Carolina. On August 6, 2010, the court notified counsel for the parties of their obligation to associate local counsel pursuant to Local Civil Rule 83.1, EDNC. The parties failed to respond, and the court on September 24, 2010, ordered that plaintiff and defendants comply with said local rule by October 22, 2010. The parties thereafter associated local counsel.

On November 3, 2010, the court issued its initial order wherein the parties were ordered to conduct a conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure no later than November 24, 2010. The parties were further ordered to submit to the court a Rule 26(f) joint report and plan regarding discovery and other matters within fourteen (14) days after the Rule 26(f) conference. The parties failed to reach consensus and agreement, and thereafter submitted individual Rule 26(f) reports. Plaintiff filed its motion to strike in amended form December 21, 2010, wherein plaintiff seeks to strike Paldo's proposed plan, to which this defendant has responded in opposition January 11, 2011. Three days later, plaintiff made a reply. The issues raised are ripe for ruling.

## II. DISCUSSION

A.  The Parties' Responsibilities Generally

At the outset, it is appropriate in this order setting forth deadlines and requirements for the administration of this case, to remind the parties and counsel that they share responsibility for the just, speedy, and inexpensive determination of this action. Fed.R.Civ.P. Rule 1. The docket is

clouded by efforts of the parties seemingly at odds with this mandate.[1] Counsel are reminded also of their obligations under Rule 1 as they move forward with this case.

Review of the docket indicates Topsail has not filed responsive pleading within the appropriate time period. The record reflects it was served with summons and complaint on March 15, 2010, however it has made no appearance to date. For the continued efficient administration of the case, plaintiff shall within **twenty-one (21) days**, advance the action as against this defendant in accordance with Rule 55 of the Federal Rules of Civil Procedure, and seek entry of default or, if there is agreement as to delayed answer, file a statement with the court accounting for the failure of Topsail to respond.

The court turns its attention below to the issue of scheduling.

B. Case Schedule

After reviewing the individual Rule 26(f) reports filed by plaintiff and Paldo,[2] and considering the issues presented, the court orders as follows.

1. **Discovery**

    a. If they have not already done so, the parties shall exchange by **January 25, 2011,** the information required by Federal Rule of Civil Procedure 26(a)(1).

---

[1] This case appears to subscribe to the routine track made reference to in the court's initial order. In that order, the court invited the parties to signal to the court any suggestion that the case falls into a more complex category. No reasons were presented in either report to support such a determination. Plaintiff shows some effort to confer in accordance with the court's order and the rules, which effort was not met by the answering defendant. If true, defendant's failure is in breach of the court's initial order. The court in its initial order recognizes that there may be disagreement during the shaping of the parties' discovery plan at the Rule 26(f) conference. The parties are for that reason invited to submit individual Rule 26(f) reports if a good faith attempt to confer does not lead to agreement. Plaintiff has tendered an unnecessary motion to strike Paldo's separate report, in light of this mechanism for separate reporting, needlessly consuming resources of the parties and the court. Without more, this motion is DENIED.

[2] Topsail was served with the court's initial order at the address at which service was obtained in March 2010; however, the court's recent mailing was returned to it as undeliverable.

b.  Discovery will be necessary on the following subjects: the form filing of the Hartford Statutory Right of Privacy with the North Carolina Department of Insurance, whether the appropriate reduction of coverage notice was provided to Topsail, and the conflict disclosures made by Hartford and its counsel Litchfield Cavo.

c.  All discovery shall be commenced or served in time to be completed by **June 30, 2011.**

d.  The court considered the following discovery issue(s) raised by one or more of the parties: No discovery issues were raised by the parties.

e.  No party shall serve more than **twenty-five (25)** interrogatories, including all discrete subparts, to any other party. Responses are due **thirty (30)** days after service of those interrogatories.

f.  No party shall serve more than **twenty-five (25)** requests for admissions to any other party. Responses are due **thirty (30)** days after service of those requests for admissions.

g.  There shall be no more than **ten (10)** depositions by plaintiff and **ten (10)** by defendant.

h.  Each deposition shall be limited to **seven** hours, unless otherwise agreed by the parties.

I.  Disclosures required by Federal Rule of Civil Procedure 26(a)(2), including reports from retained experts, shall be served by plaintiff by **April 30, 2011**, and by defendant by **May 30, 2011**. The parties shall serve any objections to

4

such disclosures, other than objections pursuant to Federal Rules of Evidence 702, 703, or 705, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999) or similar case law, **within fourteen (14) days** after service of the disclosures upon them. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2) has been provided, such as lists of prior testimony and publications). These objections need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel shall confer or make a reasonable effort to confer before filing any motion based on those objections.

j. Supplementations of disclosures under Federal Rule of Civil Procedure 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served by **May 21, 2011**. The supplemental disclosures served forty (40) days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial other than solely for impeachment. The rationale for the mandatory supplemental disclosures forty (40) days before the discovery deadline is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another

5

party <u>before</u> the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) pretrial disclosures that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. <u>See</u> Fed. R. Civ. P. 37(c)(1).

    k.    To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. <u>See</u> Fed. R. Civ. P. 29. Nor does this apply to modifying the requirements of Federal Rule of Civil Procedure 26(a)(2) concerning experts' reports.

2. Motions

    a.    Any motion requesting relief shall be accompanied at time of filing with a proposed form of order, stating its requested relief.

    b.    Provided that such defenses have been timely preserved, any motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim upon which relief may be granted shall be filed by **April 15, 2011**.

    c.    All other potentially dispositive motions shall be filed by **July 30, 2011**. All motions to exclude testimony of expert witnesses pursuant to Federal Rules of Evidence 702, 703, or 705, <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>,

6

Case 7:10-cv-00148-FL   Document 53   Filed 01/26/11   Page 6 of 12

509 U.S. 579 (1993), Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), or similar case law, shall be filed by the deadline set for dispositive motions.

d. Any motion to compel discovery shall be filed and served **within 30 days** of the act or omission in discovery complained of, after good faith effort between the parties to resolve the matter, unless the time for filing such a motion is extended for good cause shown. Prior to any filing, the complaining party shall convene a conference among the parties and this court by telephone through the office of Christa Baker, case manager, at (252) 638-7501. To promote efficiencies and with deference to Rule 1 of the Federal Rules of Civil Procedure, only the responsible attorney is urged to participate in any such conference. In the event of a discovery dispute of or relating to written discovery, the party convening the conference shall send via facsimile transmittal directed to the case manager at (252) 638-1529, the submissions in discovery most directly bearing on the particular dispute, for the court's review in advance of telephonic conference. Motions to compel filed after the deadline and/or without advance conference with the court, absent extenuating circumstances, summarily will be denied. Disputes in discovery which are reduced to writing, timely filed, and where conference with this court in advance of filing has been unable to resolve said dispute, ordinarily will be referred to a magistrate judge for ruling.

e. Any motion to continue must conform with the requirements set forth in Local Civil Rule 6.1, and also include a detailed statement as to the reason for

7

the requested continuance or extension of time together with the proposed order. Continuances will be granted only upon showing of good cause, particularly focusing upon the evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied.

3. Alternative Dispute Resolution ("ADR")

   a. A settlement procedure is required in virtually every case, to be conducted before the close of discovery if the case is automatically selected for mediation pursuant to Local Civil Rule 101.1a(b), or before the final pretrial conference if not automatically selected.

   b. This case has been automatically selected by Local Civil Rule 101.1 for the conduct of a mediated settlement conference. The parties are reminded of the ability to select a mediator by agreement according to the procedures set forth in Local Civil Rule 101.1c(a) by filing a statement with the clerk within **twenty-one (21)** days of this order. If no such statement is timely filed, the mediator shall be selected by the clerk pursuant to Local Civil Rule 101.1c(b). Finally, the court notes the parties' request to postpone mediation until the resolution of dispositive motions, however, the court adheres to the carefully crafted protocol embodied in Local Civil Rule 101.1a(a) which requires the parties to conduct a mediated settlement conference during the discovery period. Absent good cause or special showing, not appearing on the face of any filing made to date, this protocol and all of the deadlines and requirements set forth in the court's local rules concerning alternative dispute

resolution must be adhered to, and the parties are required to complete mediated settlement conference by **June 30, 2011.**

    c.    If at any time a settlement is reached, it shall be reported immediately to this court.

4.    Pretrial and Trial

    a.    This case is set for trial on the court's docket for that term of court beginning **January 17, 2012**, at the United States Courthouse, New Bern, North Carolina.

    b.    Pursuant to Federal Rule of Civil Procedure 16(e), a final pretrial conference will be scheduled before the undersigned at the United States Courthouse, New Bern, North Carolina at a date and time approximately two weeks in advance of trial pursuant to notice of the clerk of court which shall issue approximately two months prior to the trial term. Each party appearing in this action shall be represented by the attorney who is to have charge of the conduct of the trial on behalf of such party.

    c.    At the final pretrial conference the court will:

        1.    Rule upon any dispute concerning the contents of the final pretrial order. Local Civil Rule 16.1(d)(1).

        2.    Rule upon any dispute where video depositions are to be used and the parties have been unable to reach agreement on editing. Local Civil Rule 16.1(b)(2).

        3.    Rule upon motions relating to admissibility of evidence, to the extent

9

possible in advance of trial. Where the evidentiary question or issue can be anticipated before the final pretrial conference, motion contemplated by Local Civil Rule 39.1(a), shall be filed **fourteen (14) days** prior to the final pretrial conference, thereby permitting sufficient time for any written response in advance of conference. Where the question or issue bearing on admissibility of evidence cannot reasonably be contemplated in advance of the final pretrial conference, any motion in limine must be filed not later than **seven days** prior to the start of the trial session. Local Civil Rule 39.1(a).

4. Where trial of this matter involves a bench trial, discuss generally the nature of the parties' anticipated proposed findings of fact and conclusions of law, to discern areas of agreement which may obviate necessity for proof, and those matters in dispute. Proposed findings of fact and conclusions of law are required to be filed after the conference, **seven days** prior to the start of the trial session. Local Civil Rule 52.1. Counsel also shall submit an electronic copy of said proposed findings of fact and conclusions of law to chambers, in WordPerfect format, at the following email address: **proposedorders_nced@nced.uscourts.gov**.

5. Where this conference presents the final opportunity to prevent wasting trial time on pointless or undisputed matters, endeavor to streamline the trial, including but not limited to, where applicable,

10

consideration of: bifurcation; presentation of non-critical testimony by deposition excerpts; stipulations as to the content of testimony; submission at bench trial of witnesses' testimony as narrative written statements, which can be received at trial in lieu of direct testimony subject to objections and cross-examination of witnesses; and qualification of experts by admitted resumes; and

    6. Explore once more the opportunities for settlement.

d. Not later than **seven days** prior to the final pretrial conference, counsel shall submit to chambers (but not file) the parties' proposed pretrial order. Local Civil Rule 16.1(b). This submission shall comply with the form specified in Local Civil Rule 16.1(c). Pursuant to Local Civil Rule 16.1(c)(3), and Federal Rule of Civil Procedure 26(a)(3), objections not disclosed in the pre-trial order are waived unless excused by the court for good cause. The parties shall submit at the beginning of the trial copies of all exhibits. Local Civil Rule 39.1(b).

e. Counsel are required to receive training on the evidence presentation system in the courtroom in advance of initial use. Counsel should review all related documentation appearing on the court's website, including information concerning formatting of evidentiary DVDs. Procedures are described for scheduling training in advance, as required, on system use generally, and for verifying compatibility of evidentiary DVDs in advance of presentation at hearing or trial.

## III. CONCLUSION

As set forth above, among other things, counsel are reminded of their obligations pursuant to Rule 1 of the Federal Rules of Civil Procedure to promote the just, speedy, and inexpensive determination of this matter. Plaintiff must within twenty-one (21) days of this order proceed pursuant to Rule 55 of the Federal Rules of Civil Procedure, also as set forth more particularly above. Plaintiff's amended motion to strike (DE #49) is DENIED, for the reasons given. The deadlines set forth in this order shall not be modified except by leave of court upon a showing of good cause. All requirements set forth in the court's Local Civil Rules governing pretrial and trial procedures not altered herein shall be strictly observed.

SO ORDERED, this the 25th day of January, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge